```
                 UNITED STATES DISTRICT COURT FOR THE
                      DISTRICT OF NEW HAMPSHIRE
```

United States of America

    v.                                                            Criminal No. 09-cr-178-JD
                                                                Opinion No. 2010 DNH 033

Paul Kavalchuk


O R D E R

Paul Kavalchuk is charged with crimes related to importing and trafficking in counterfeit products in violation of 18 U.S.C. § 2320. As part of the indictment, the government included a notice of criminal forfeiture, and in the bill of particulars, the government listed property located at 27 Palmer Avenue, Saugus, Massachusetts ("Saugus property"), as potential substitute forfeiture property, pursuant to 21 U.S.C. § 853(p). The government has filed a motion asking the court to sign a memorandum to support a notice of lis pendens on the Saugus property, under the Massachusetts lis pendens statute, Massachusetts General Laws ("M.G.L."), ch. 184, § 15.[1] Kavalchuk objects to the motion.

---

[1] The government initially filed a motion for endorsement of a memorandum of lis pendens ex parte. In response to the court's order that the government provide additional briefing, the government filed a second motion.

Discussion

In its second motion for endorsement of a memorandum of lis pendens, the government acknowledges that the federal criminal forfeiture statute, 21 U.S.C. § 853, does not authorize a notice of lis pendens or other restraints on substitute forfeiture property. Instead, the government seeks an order from the court to support its filing of a notice of lis pendens under Massachusetts law. Kavalchuk objects to the motion on the ground that neither federal nor state law permits a notice of lis pendens on the Saugus property under the circumstances that pertain here.

A.  Federal Law

If a person is convicted of violating 18 U.S.C. § 2320 and is subject to a sentence longer than one year, as is charged in this case, property is subject to criminal forfeiture if it constitutes or was derived from the proceeds obtained from the crime of conviction, or if it was used or intended to be used in the crime.[2]  21 U.S.C. § 853(a); see also 18 U.S.C. §§ 2320(b),

---

[2]It is not entirely clear whether the government intends to proceed under criminal or civil forfeiture. The indictment gives notice of "Criminal Forfeiture" but alleges forfeiture pursuant to § 981(a)(1)(C), which governs civil forfeiture. In the Bill of Particulars, however, the government listed the Saugus property and stated: "The United States may also seek the

2323(b). When the government so moves, the court may enter a restraining order or an injunction or take other action "to preserve the availability of property described in subsection (a) of this section for forfeiture under this section." § 853(e). When property described in subsection § 853(a) is unavailable for forfeiture, for the reasons stated in the statute and because of the act or omission of the defendant, "the court shall order the forfeiture of any other property of the defendant" up to the value of the unavailable property. § 853(p)(1) & (2).

The First Circuit has not addressed the question of whether a notice of lis pendens may be entered on substitute criminal forfeiture assets prior to conviction. The majority of courts that have considered the question have concluded that federal law does not provide a means for preserving the availability of

---

forfeiture of substitute properties, pursuant to Criminal Rule 32.2(e) and 21 U.S.C. § 853(p)."

   The government's original motion for an ex parte endorsement of a memorandum to support a notice of lis pendens characterized the forfeiture as proceeding under 18 U.S.C. § 981(a)(1)(C), civil forfeiture. The proposed notice of lis pendens, filed with the motion, stated that the Saugus property was listed as a substitute asset, pursuant to § 982(b), which governs criminal forfeiture for certain listed crimes.

   Because the government addresses forfeiture under § 853 in its second motion for endorsement of a memorandum of lis pendens, the court will assume that the government intends to seek forfeiture under § 853.

substitute assets for criminal forfeiture.  See, e.g., United States v. Parrett, 530 F.3d 422, 429-31 (6th Cir. 2008) (citing cases); United States v. Jarvis, 499 F.3d. 1196, 1204-05 (10th Cir. 2007) (citing cases); United States v. Pantelidis, 335 F.3d 226, 234 (3d Cir. 2003) (citing cases).  The Fourth Circuit held that the RICO forfeiture provisions permitted preconviction restraint of substitute assets, see United States v. McKinney (In re Assets of Billman), 915 F.2d 916, 921 (4th Cir. 1990), based on a liberal construction of that statute.  The absence of a provision in § 853, authorizing restraints on substitute forfeiture property, however, does not prevent the government from using a lis pendens procedure under state law.  Parrett, 530 F.3d at 531.

The government relies on Massachusetts law to support its intent to file a notice of lis pendens on the Saugus property.

B.  State Law

The government contends that a notice of lis pendens on the Saugus property is authorized by the Massachusetts lis pendens statute, M.G.L. ch. 184, § 15.  The government represents that it has complied with the state law requirements except that it needs a memorandum of lis pendens, signed by the court, to support its filing.

M.G.L. ch. 184, § 15 provides the mechanism for a notice of lis pendens in a "proceeding that affects the title to real property or the use and occupation thereof or the buildings thereon." § 15(a). To be effective, the notice must include a memorandum with the names of the parties to the proceeding, the court in which it is pending, the date the proceeding began, and information about the subject property. Id. In addition, the notice is ineffective "unless and until the instrument has been endorsed by a justice of the court in which the proceeding is pending in accordance with subsection (b)." Id. Subsection (b) requires a verified complaint or a certification under the penalties of perjury that the facts in the complaint are true and that the complaint identify the property owners and those occupying the property. Subsection (b) also provides that if a party so moves, the court will make a finding that "the subject matter of the action constitutes a claim of right to title to real property or the use and occupation thereof or the buildings thereon" and "endorse the finding upon the memorandum." § 15(b).

1. Endorsement of the Memorandum

The government's current motion for endorsement of a memorandum of lis pendens does not include a copy of the memorandum that the government seeks to have endorsed. The

"Memorandum of Lis Pendens" the government submitted with its original motion is appended to the proposed "Notice of Lis Pendens." The Memorandum states: "The above captioned action constitutes a claim of right of real property, or the use and occupation thereof of the building thereon. SO ORDERED AND ENDORSED: [line for signature]."

Therefore, the government appears to be requesting an order in which the court makes a finding about the nature of the action that is pending against Kavalchuk in this court.

2. <u>Jurisdiction</u>

The lis pendens issue began when the government filed a motion for an ex parte endorsement of a memorandum of lis pendens on the Saugus property, pursuant to M.G.L. ch. 184, § 15, on December 3, 2009. The government cited no authority to support its request for the court's endorsement of a memorandum for a notice of lis pendens in the circumstances of this case. Given the weight of authority that is contrary to the government's request, the lack of briefing on the issue in an "ex parte" motion is noteworthy.

Due to the brevity of the motion and its ex parte status, the court was concerned about jurisdiction, the legal basis for the requested ex parte memorandum of lis pendens, and the

requirements of M.G.L. ch. 184, § 15, for ex parte actions. The court ordered the government to file a brief under seal to address those matters. In its response, the government represented that it had not intended to proceed ex parte and that the term "ex parte" had been inadvertently inserted into the motion's caption. The government explained the policy reasons for preserving assets that are subject to forfeiture. The court's jurisdiction, the government stated, is provided by § 853(l).

Section 853(l) provides that "district courts of the United States shall have jurisdiction to enter orders as provided in this section without regard to the location of any property which may be subject to forfeiture under this section or which has been ordered forfeited under this section." As the government has subsequently acknowledged, however, the endorsement of a memorandum of lis pendens is not an order that is provided for in § 853. Therefore, § 853(l) does not apply. Because that is the only basis for the court's jurisdiction that the government provides, the court remains uncertain as to whether jurisdiction exists that permits this court to issue an order for an endorsement of a memorandum for lis pendens on property in Massachusetts.

In the absence of jurisdiction, the court cannot act.

   3.  Lis Pendens

   Even assuming that jurisdiction exists, the government's request is flawed.  Kavalchuk objects to the government's motion, arguing that Massachusetts law does not authorize a notice of lis pendens on substitute assets for criminal forfeiture before conviction.

   Some courts have concluded that a notice of lis pendens may be entered on potential substitute forfeiture assets for purposes of a federal criminal proceeding if that action is authorized by state law and if the government meets the state filing requirements.  See, e.g., Parrett, 530 F.3d at 432; Jarvis, 499 F.3d at 1203-05; United States v. Queri, --- F. Supp. 2d ---, 2010 WL 198309, at *2-*4 (N.D.N.Y. Jan. 21, 2010) Queri, 2010 WL 198309, at *2-*4 (N.D.N.Y. Jan. 21, 2010).  To support a notice of lis pendens under state law, however, the government must show that state law would allow a notice of lis pendens under the particular circumstances that pertain in the case.[3]

---

[3]The government mistakenly cites Parrett, 530 F.3d at 432 to hold:  "We conclude that the federal government may file a notice of lis pendens against substitute assets prior to the entry of a forfeiture order."  The case actually states:  "We conclude that the federal government may file a notice of lis pendens against substitute assets prior to the entry of a forfeiture order, **as long as it has fulfilled the relevant state-law requirements.**"  Id. (emphasis added).

On its face, M.G.L. ch. 184, § 15 appears to pertain to civil actions that affect real property rather than criminal proceedings with a potential claim for substitute forfeiture assets. The government has not cited a case in which M.G.L.A. ch. 184, § 15 was used to preserve assets as potential substitute property in a criminal forfeiture proceeding prior to conviction.[4] The use of lis pendens in civil forfeiture proceedings is inapposite to the circumstances here because civil forfeiture proceedings are in rem, making the property the object of the action, while criminal forfeiture actions proceed against the defendant, not his property. See United States v. Saccoccia, 354 F.3d 9, 15 (1st Cir. 2003).

The Massachusetts criminal forfeiture statute, M.G.L.A. ch. 94C, § 47, provides for the forfeiture of property related to criminal activity. § 47(a). While a criminal proceeding is pending, the state is authorized to seek an order or process to seize or secure property that is subject to forfeiture under the

---

[4] In United States v. Iacoboni, 239 F. Supp. 2d 119, 120 (D. Mass. 2002), the court noted that it previously had granted the government's unopposed motion for a notice of lis pendens to protect substitute forfeiture property, without an explanation or any analysis of the legal basis for that decision. In addition, the defendant had been convicted, and the order of forfeiture had issued before the court granted the government's request for a notice of lis pendens. Id. at 119-120. Therefore, Iacoboni provides no support for the government's request under the circumstances of this case.

9

statute. § 47(f). Like the federal statute, the Massachusetts forfeiture statute does not include a provision for forfeiture of substitute assets and does not address pretrial restraint of substitute assets.

The government contends that listing the Saugus property as potential substitute criminal forfeiture property in this case satisfies the requirement, under M.G.L. ch. 184, § 15, of a suit "affecting the title or use and occupation of property." The Saugus property's status as a _potential_ substitute criminal forfeiture property, however, calls into question whether the government's claim does affect the title, use, or occupation of the Saugus property. Courts have concluded that a criminal prosecution with only a potential for an order of criminal forfeiture of substitute assets does not satisfy a state statutory requirement for lis pendens that the action "affect the title to, or the possession, use or enjoyment of real property." Queri, 2010 WL 198309, at *2; see also United States v. Kramer, 2006 WL 3545026, at *10 (S.D.N.Y. Dec. 8, 2006). In fact, most courts that have considered state laws as a means to preserve potential substitute property for federal criminal forfeiture have found such authority lacking. See, e.g., Jarvis, 499 F.3d at 1205-06;; United States v. Jewell, 556 F. Supp. 2d 962, 964-68 (E.D. Ark. 2008); Kramer, 2006 WL 3545026, at *10.

10

The government has not addressed the cited cases or otherwise shown that their reasoning does not apply here. Therefore, even if the court has jurisdiction to enter an order endorsing a memorandum of lis pendens on property in Massachusetts, the government has not shown that Massachusetts law would permit that action.

### 4. Conclusion

The government has not demonstrated that this court has jurisdiction to provide the requested endorsed memorandum. Even if jurisdiction were established, however, in the absence of a persuasive basis for applying M.G.L. ch. 184, § 15 in the circumstances of this case, the court will not construe the statute to provide the relief the government seeks.

### C. Restraint on Property

In its reply to Kavalchuk's objection, the government argues that a notice of lis pendens is not a restraint on the subject property and, therefore, can be recorded on substitute assets prior to conviction. Specifically, the government relies on United States v. Register, 182 F.3d 820, 836 (11th Cir. 1999), and United States v. James Daniel Good Real Property, 510 U.S. 43, 58 (1993), to argue that a notice of lis pendens is less restrictive than a restraining order. The government's theory,

11

however, appears to be a distinction without a difference in this context, where courts have construed a notice of lis pendens to be a sufficient restraint on property to bar its application to substitute forfeiture assets.  See, e.g., Queri, 2010 WL 198309, at *1; United States v. Poulsen, 2007 WL 682433, at *3 (S.D. Ohio Feb. 28, 2007) ("The lis pendens filed against Defendant's property . . . must be removed because a substitute asset may not be restrained, by a lis pendens filing or otherwise, prior to a conviction."); Kramer, 2006 WL 3545026, at *10.

Because the government has not shown that either federal or state law authorizes a notice of lis pendens on property that is potentially substitute criminal forfeiture property, whether a notice of lis pendens is less restrictive than a restraining order is immaterial.

## Conclusion

For the foregoing reasons, the government's motion for an order of an endorsement of a memorandum of lis pendens (document no. 31) is denied.

SO ORDERED.

                                        /s/ Joseph A. DiClerico, Jr.
                                        Joseph A. DiClerico, Jr.
                                        United States District Judge

February 23, 2010

cc:  William E. Christie, Esquire
     Steven M. Gordon, Esquire
     Arnold H. Huftalen, Esquire
     Richard F. Monteith, Jr., Esquire
     Robert J. Rabuck, Esquire