UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


<u>United States of America</u>


        v.                          Criminal No. 09-cr-178-JD
                                    Opinion No. 2011 DNH 060

<u>Paul Kavalchuk, et al.</u>


O R D E R

        Defendant Paul Kavalchuk was indicted on November 12, 2009,
and charged with conspiring to traffic in counterfeit goods in
violation of 18 U.S.C. §§ 371 and 2320, trafficking and
attempting to traffic in counterfeit goods in violation of 18
U.S.C. §§ 2 and 2320(a), and obstruction of justice in violation
of 18 U.S.C. § 1503(a).  Kavalchuk now moves to sever the count
alleging obstruction of justice from the counts alleging
trafficking and conspiring to traffic in counterfeit goods.  The
government objects.


A.   <u>Background</u>

        The Superseding Indictment is in five counts.  Counts One
through Three of the Superseding Indictment charge Kavalchuk,
along with his brother and business partner, Peter Kavalchuk, and
his business, East West Trading Corporation, with conspiring to
traffic in and trafficking in goods bearing counterfeit Cisco

trademarks from June, 2007, to April 28, 2008.  Count Four
charges that on April 28, 2008, Peter Kavalchuk violated 18
U.S.C. § 1001 by falsely stating "no" when an Immigration and
Customs Enforcement Special Agent asked him whether East West had
or used any remote storage facilities for the storage of computer
parts.[1]  Count Five charges that, "at exact dates uncertain, but
including on or about December 9, 2008," (Superseding Indictment,
Doc. 52, at 13), Paul Kavalchuk violated 18 U.S.C. § 1503(a) when
he told an employee of East West whom he knew had been subpoenaed
to testify before the Grand Jury that it would be in the best
interest of East West if the employee did not tell authorities
about a remote storage facility that East West used to store
goods bearing counterfeit marks.

    In its objection, the government has proffered that it plans
to introduce evidence at trial to show that East West in fact did
use a remote storage facility.  Paul Kavalchuk's son-in-law,
Richard Maynard, will testify that Paul Kavalchuk asked him if
East West could use a storage unit that Maynard had rented for

---

[1]The Superseding Indictment charges that Peter Kavalchuk
made this statement during the execution of a search warrant at 2
Victory Lane, which is both Paul Kavalchuk's home and East West's
business premises.

his painting business.[2]  Maynard will also testify that East West
used the facility in the months before the search was executed
and discontinued using it thereafter.  An East West employee,
Louis Fladger, will testify that he regularly traveled from East
West to the post office to pick up shipments of counterfeit
product, which he brought first to East West, and then to
Maynard's storage facility.  He will also testify that he
traveled regularly from East West to the storage facility to
retrieve counterfeit Cisco product for shipment to East West's
customers.  Fladger will testify at trial that after he had been
subpoenaed to testify before the Grand Jury, and after Paul
Kavalchuk had become aware of the subpoena, Kavalchuk told
Fladger not to disclose his knowledge of East West's use of the
storage unit.

The government will seek to introduce photographs taken
during the execution of the search warrant at 2 Victory Lane, as
well as other testimony, to establish that East West did not need
the remote storage facility because it had adequate storage space
on the premises.

Kavalchuk argues that the court should sever Count Five from
Counts One through Four because joinder will be prejudicial.

---

[2]The government will also introduce business records of the
storage facility to corroborate Maynard's rental of the unit.

B.    Discussion

Federal Rule of Criminal Procedure 14(a) provides that "[i]f the joinder of offenses or defendants in an indictment. . . appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires."  Fed. R. Crim. P. 14(a).  "[S]everance is warranted 'only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.'"  United States v. Celestin, 612 F.3d 14, 19 (1st Cir. 2010)(quoting Zafiro v. United States, 506 U.S. 534, 539 (1993)).  The defendant has the burden to articulate the specific ways in which he was prejudiced, and to "present enough information . . . to satisfy the court that the claim of prejudice is genuine."  United States v. Yefsky, 994 F.2d 885, 896 (1st Cir. 1993)(quoting United States v. Tracy, 989 F.2d 1279, 1283 (1st Cir. 1993)).  The decision to grant or deny a motion for severance is a matter "committed to the sound discretion of the district court." Celestin, 612 F.3d at 19.

The First Circuit has recognized that three types of prejudice may result from trying a defendant for several offenses in the same trial: (1) embarrassment or confusion "in presenting

separate defenses"; (2) evidentiary spillover through which proof of one offense may be used to convict a defendant of a second, "even though such proof would be inadmiss[i]ble in a second trial for the second offense"; and (3) forcing a defendant who wants to testify "on his own behalf on one of the offenses but not another" to choose between "testifying as to both or testifying as to neither."  United States v. Richardson, 515 F.3d 74, 81 (1st Cir. 2008)(quoting United States v. Jordan, 112 F.3d 14, 17 (1st Cir. 1997)).

Kavalchuk avers that joinder of Count Five will result in evidentiary spillover.  He argues that the obstruction of justice charge should be severed, because it does not involve the same evidence as the counterfeiting charges and the offense allegedly occurred approximately eight months after the events charged in Counts One through Three.

The government counters that Count Five arises out of the same course of conduct as Counts One through Four.  It contends that evidence that Kavalchuk told Fladger not to disclose his knowledge of East West's storage facilities would be admissible in a trial of the conspiracy and counterfeit trafficking charges, as evidence of Kavalchuk's consciousness of guilt.  Furthermore, the government argues that the fact that Paul Kavalchuk maintained a remote storage facility that the business did not

5

need, in a business name other than that of his business, was an overt act in furtherance of the conspiracy.

The First Circuit repeatedly has held that counts arising out of the same course of conduct are properly joined. See, e.g., United States v. Turner, 501 F.3d 59, 72 (1st Cir. 2007). The government has made a strong argument that, if the counts were severed, substantially the same evidence would be admitted in both resulting trials. See United States v. Stackpole, 811 F.2d 689, 694 (1st Cir. 1987)(observing that acts related to the defendant's obstruction of justice would be admissible in a trial on arson charges to show consciousness of guilt). The fact that Paul Kavalchuk's alleged obstruction of justice occurred eight months after the events that gave rise to the counterfeit trafficking and conspiracy charges is irrelevant. See United States v. Fenton, 367 F.3d 14, 22 (1st Cir. 2004)(holding that the defendant's argument that evidence on one charge should have been inadmissible in a trial of other charges merely because the two sets of events were separated by four years was a "non-starter," where the two sets of offenses were intimately connected).

Kavalchuk did not respond to the government's argument that the obstruction evidence is "intimately tied to the counterfeit charges," (Doc. 77, p. 7), and he has provided no explanation as

6

to why evidence of the obstruction would be inadmissible in a trial on the counterfeit trafficking and conspiracy charges. Therefore, Kavalchuk has failed to show that joinder of the charges will prejudice him.

<u>Conclusion</u>

For the foregoing reasons, Paul Kavalchuk's motion to sever Count Five of the Superseding Indictment, (doc. no. 67), is DENIED.

SO ORDERED.

Joseph A. DiClerico, Jr.
United States District Judge

April 12, 2011

cc:  Seth R. Aframe, Esquire
     William E. Christie, Esquire
     Steven M. Gordon, Esquire
     Arnold H. Huftalen, Esquire
     Richard F. Monteith, Jr., Esquire
     Robert J. Rabuck, Esquire